**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

**LARRY CURRY,**

**Plaintiff,**

RCVD - USDC COLA SC
SEP 1 '26 AM10:26

**v.** **Civil Action No. ___________**

**TTEC HEALTHCARE SOLUTIONS, INC.,**

**Defendant.**

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION**

**AND DEMAND FOR JURY TRIAL**

Plaintiff Larry Curry ("Plaintiff"), proceeding pro se, brings this action against TTEC Healthcare Solutions, Inc. ("TTEC" or "Defendant") and alleges as follows:

## I. NATURE OF THE ACTION

This is an employment discrimination and retaliation action arising under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA").

Plaintiff alleges that Defendant discriminated against him in connection with the terms, conditions, sales opportunities, and disciplinary treatment of his employment and retaliated against him after he complained about conduct that he reasonably believed was discriminatory and unlawful.

Plaintiff further alleges that the circumstances surrounding Defendant's disciplinary decisions, its treatment of employees involved in the same underlying sales matter, and subsequent changes to the applicable sales rule are relevant to whether Defendant's stated explanations for its actions were legitimate, consistent, and nonretaliatory.

## II. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law.

Plaintiff's Title VII claims arise under 42 U.S.C. §§ 2000e et seq.

Plaintiff's age-discrimination claim arises under the ADEA, 29 U.S.C. §§ 621 et seq.

Plaintiff worked for Defendant from North Augusta, South Carolina, and a substantial portion of the employment events giving rise to this action occurred in or affected Plaintiff within the District of South Carolina.

Venue is therefore proper in this judicial district.

## III. PARTIES

Plaintiff Larry Curry is a former employee of Defendant.

Plaintiff began working for Defendant in approximately September 2020 as an Insurance Agent.

Plaintiff satisfactorily performed the functions of his position during his employment.

Plaintiff was 51 years old during the events giving rise to his EEOC Charge and was therefore within the class protected by the ADEA.

Defendant TTEC Healthcare Solutions, Inc. employed Plaintiff during the relevant period.

Plaintiff alleges that Defendant was an employer subject to Title VII and the ADEA at all times relevant to this action.

## IV. ADMINISTRATIVE EXHAUSTION

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission.

Plaintiff's EEOC Charge Number is 436-2026-01954.

The Charge identified the bases of discrimination as Age, Retaliation, and Sex.

Plaintiff signed the Charge on May 30, 2026.

The EEOC subsequently issued a Determination and Notice of Rights dated June 4, 2026.

The Notice informed Plaintiff of his right to file suit concerning the matters raised in his Charge.

Plaintiff has therefore satisfied the applicable administrative prerequisites to the claims asserted in this Complaint.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Sales Opportunities

Plaintiff began working for Defendant in approximately September 2020 as an Insurance Agent.

Plaintiff performed the functions of his position satisfactorily.

Plaintiff's compensation and earning opportunities were affected, at least in part, by sales and/or accounts assigned or credited to agents.

Plaintiff observed and/or learned that younger and less-experienced employees were receiving favorable sales assignments or account sales.

Those assignments increased the younger employees' earning opportunities while reducing sales and earning opportunities available to Plaintiff.

Plaintiff believed that Defendant was treating younger and less-experienced employees more favorably than Plaintiff.

## B. Conduct by Plaintiff's Supervisor

During Plaintiff's employment, Plaintiff was supervised by an individual referred to as "Joy."

On or about February 2, 2026, Plaintiff received communication and/or content from Joy on Plaintiff's personal cellular telephone that Plaintiff considered inappropriate.

Plaintiff retained evidence concerning that communication.

Plaintiff alleges that Joy engaged in inappropriate advances and/or behavior toward him.

## C. February 6, 2026 Sales Matter

On or about February 6, 2026, Plaintiff participated in a customer call and/or sales transaction that subsequently became the subject of management review and disciplinary action.

The transaction was subject to a sales-handling rule that Plaintiff understood, at the time, to permit or protect the handling of the transaction for a seven-day period (the "7-day rule").

Plaintiff alleges that the 7-day rule was the rule applicable when the underlying transaction occurred.

## D. Ramiro Ruiz Rosario and the 7-Day Rule

Ramiro Ruiz Rosario was a male Seasonal Team Leader involved in circumstances surrounding the sales matter at issue.

Plaintiff alleges that Rosario failed to honor the 7-day rule applicable to the transaction.

Plaintiff alleges that Rosario was not disciplined or subjected to comparable corrective action for his involvement in or handling of the matter.

Plaintiff, by contrast, was subjected to corrective and/or disciplinary action arising

from the February 6 matter.

Plaintiff alleges that the difference in treatment is relevant to whether Defendant consistently applied the stated rules and disciplinary standards underlying its actions against Plaintiff.

Plaintiff further alleges that Senior Manager Evyaneia Guthrie had a close personal and/or professional relationship with Rosario.

Plaintiff does not allege solely from that relationship that Guthrie acted with an unlawful motive. Plaintiff alleges the relationship as part of the surrounding circumstances relevant to the handling of the incident and seeks discovery concerning communications and decision-making related to the matter.

## E. Plaintiff's March 2, 2026 Complaint

On March 2, 2026, Plaintiff complained to Senior Manager Evyaneia Guthrie regarding Joy's inappropriate advances and behavior.

Plaintiff also raised concerns regarding discrimination and sought clarification concerning management's handling of the sales matter and the applicable 7-day rule.

Plaintiff believed in good faith that he was opposing discriminatory and inappropriate workplace conduct.

Defendant, through its management personnel, knew about Plaintiff's complaints.

Plaintiff alleges that he was subjected to corrective and/or disciplinary treatment in close temporal proximity to his March 2 complaint.

Plaintiff alleges that the circumstances surrounding the discipline and the manner in which Defendant treated other employees involved in the underlying matter support his contention that Defendant's stated reasons for its actions were not consistently applied.

## F. Leave and Return to Work

Following the March 2026 events, Plaintiff went on a leave of absence.

Plaintiff subsequently returned to work after his leave concluded in May 2026.

## G. May 27, 2026 Corrective Action

On or about May 27, 2026, Plaintiff participated in a corrective-action meeting involving management personnel, including Evyaneia Guthrie and Joanna Torres.

During the meeting, corrective-action information relating to other employees was displayed during screen sharing.

Plaintiff raised concerns regarding the confidentiality and handling of employee corrective-action information.

Plaintiff further alleges that the May 27 corrective action related to conduct and/or

circumstances for which he had already been subjected to corrective action in March 2026.

Plaintiff communicated with Human Resources concerning the disciplinary actions, alleged harassment, confidentiality concerns, retaliation concerns, and preservation of relevant evidence.

## H. Management's Change From the 7-Day Rule to the 3-Day Rule

Plaintiff alleges that after the incident giving rise to the underlying dispute, management changed the applicable sales rule from a 7-day rule to a 3-day rule.

Plaintiff alleges that this change occurred after the transaction for which his conduct was questioned.

Plaintiff alleges that the 7-day rule—not the subsequently adopted 3-day rule—was in effect when the underlying transaction occurred.

Plaintiff alleges that the timing of the policy change is relevant to determining what rule actually governed his conduct and whether Defendant consistently applied its stated reason for disciplining him.

Plaintiff seeks discovery concerning the versions of the applicable rule, the dates on which each version was effective, management communications concerning the change, the reason for the change, and the employees responsible for making or implementing it.

## I. Continuing Complaints and End of Employment

Plaintiff continued to communicate concerns to management and Human Resources regarding the treatment he experienced.

Plaintiff alleges that Defendant did not adequately correct the discriminatory and retaliatory treatment about which he complained.

Plaintiff's employment with Defendant ended when his resignation became effective on August 28, 2026.

Plaintiff did not intend his resignation to waive, release, or abandon his pending discrimination or retaliation claims.

## VI. COUNT I

## SEX DISCRIMINATION — TITLE VII

Plaintiff incorporates Paragraphs 1 through 63 as though fully stated herein.

Plaintiff is male and is protected from discrimination because of sex under Title VII.

Plaintiff complained about inappropriate advances and behavior by his supervisor.

Plaintiff alleges that Defendant subjected him to unfavorable treatment concerning the terms and conditions of his employment after and/or in connection with those

circumstances.

Plaintiff alleges that sex was a motivating factor in one or more challenged employment actions.

Defendant's conduct caused Plaintiff to suffer damages and other losses recoverable under Title VII.

VII. COUNT II

RETALIATION — TITLE VII

Plaintiff incorporates Paragraphs 1 through 69 as though fully stated herein.

On March 2, 2026, Plaintiff complained to Senior Manager Evyaneia Guthrie concerning conduct by his supervisor that Plaintiff reasonably and in good faith believed constituted unlawful discrimination and/or harassment.

Plaintiff also raised discrimination concerns concerning his employment.

Defendant knew of Plaintiff's protected complaints.

Plaintiff subsequently experienced corrective action, disciplinary treatment, and other allegedly adverse employment treatment.

Plaintiff alleges a causal connection between his protected activity and the subsequent adverse treatment.

Plaintiff alleges that the timing of the disciplinary actions, inconsistent treatment of employees involved in the underlying sales matter, Defendant's application of the 7-day rule, and the subsequent change to a 3-day rule support an inference that at least some of Defendant's stated explanations were pretextual.

Defendant's retaliation caused Plaintiff damages and other losses.

VIII. COUNT III

AGE DISCRIMINATION — ADEA

Plaintiff incorporates Paragraphs 1 through 77 as though fully stated herein.

Plaintiff was over 40 years of age at all times relevant to this action.

Plaintiff was qualified for his position and satisfactorily performed his job duties.

Plaintiff alleges that younger and less-experienced employees were treated more favorably in the assignment and/or crediting of account sales.

Those favorable sales opportunities increased the younger employees' earnings while reducing Plaintiff's sales and earning opportunities.

Plaintiff alleges that, but for his age, he would not have suffered the challenged age-based adverse treatment.

Defendant's conduct caused Plaintiff to lose compensation and/or earning opportunities and caused other damages recoverable under the ADEA.

## IX. PRETEXT AND INCONSISTENT APPLICATION OF POLICIES

Plaintiff incorporates the preceding paragraphs.

Plaintiff alleges that the circumstances supporting an inference of pretext and inconsistent treatment include, without limitation:

a. the 7-day rule allegedly in effect at the time of the February transaction;

b. Ramiro Ruiz Rosario's alleged failure to honor that rule;

c. the alleged absence of comparable discipline against Rosario;

d. the corrective and/or disciplinary action imposed upon Plaintiff;

e. Plaintiff's March 2, 2026 complaints;

f. subsequent corrective action against Plaintiff;

g. management's subsequent change from the 7-day rule to a 3-day rule; and

h. the manner in which Defendant assigned sales and earning opportunities to younger and less-experienced employees.

Plaintiff seeks appropriate discovery concerning comparator employees, sales records, compensation records, disciplinary records, call recordings, quality-assurance records, compliance records, communications among management, applicable policies and policy revisions, Human Resources communications, and electronically stored information concerning the matters alleged in this Complaint.

## X. DAMAGES

As a direct and proximate result of Defendant's alleged unlawful conduct, Plaintiff suffered loss of compensation and earning opportunities.

Plaintiff seeks back pay and other lost employment benefits to the extent permitted by applicable law.

Plaintiff seeks compensatory damages for the Title VII violations to the extent permitted by law.

Plaintiff seeks liquidated damages under the ADEA if Defendant's violation is proven to have been willful.

Plaintiff seeks prejudgment and post-judgment interest as permitted by law.

- Plaintiff seeks reasonable costs and attorney's fees to the extent authorized by law, including such fees should Plaintiff later obtain counsel and an award be legally appropriate.
- Plaintiff seeks all other legal and equitable relief that the Court determines appropriate.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and:

A. Declare that Defendant violated Plaintiff's rights under applicable federal employment-discrimination laws;

B. Award Plaintiff back pay, lost compensation, lost sales income, and lost employment benefits to the extent established by the evidence and authorized by law;

C. Award compensatory damages available under Title VII;

D. Award liquidated damages under the ADEA if a willful violation is established;

E. Award appropriate equitable relief;

F. Award prejudgment and post-judgment interest as permitted by law;

G. Award Plaintiff his recoverable costs and attorney's fees to the extent permitted by law; and

H. Grant such other and further relief as the Court deems just and proper.

## XII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues for which a jury trial is available.

Respectfully submitted,

____

Larry Curry, Plaintiff Pro Se

Sept-1-2026

**Mailing Address: 740 Ridge Road**

**City/State/ZIP: North Augusta, SC 29860**

**Telephone: 8032709897**

**Email: mcurry740@aol.com**

**Date: August 31, 2026**